IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 14-cv-02625-MEH

ALFRED TRUJILLO, on behalf of himself and others similarly situated,

Plaintiffs,

v.

MACHOL & JOHANNES, LLC,

Defendant.

**ORDER CONDITIONALLY CERTIFYING CLASS AND
GRANTING PRELIMINARY APPROVAL OF SETTLEMENT**

**Michael E. Hegarty, United States Magistrate Judge.**

Pursuant to the Joint Motion to Certify Class and for Preliminary Approval of Class Settlement [filed September 2, 2015; docket #35], the parties in this class action have reached a proposed settlement and seek preliminary approval of the proposed Class Action Settlement Agreement and the Notice of Class Action Settlement. Having considered the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court **grants** the Motion and issues the following Order:

I.      This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein. The Agreement is

attached to Docket Entry 35-1 as Appendix 1, and is incorporated herein by reference.

2. The Court hereby preliminarily approves the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for class certification under FED. R. CIV. P. 23. The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that as a result of speedy, voluntary discovery counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3. A hearing ("Fairness Hearing") shall be held before this Court on December 21, 2015, at 9:00 a.m. in Courtroom A-501 in the Alfred A. Arraj United States Courthouse, 901 19th Street Denver, CO 80294, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of

the settlement; whether the Court should finally approve a statutory enhancement payment for the named plaintiff; and the amount of attorney fees and costs to be awarded Class Counsel Ahson B. Wali and Robert W. Murphy.

4.      The Court hereby approves, as to form and content, the proposed "Notice of Class Action" ("Notice") attached to Appendix I, Exhibit A to Docket Entry 35-1. The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and FED. R. CIV. P. 23(e); and that such Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.  The Court approves High Cotton as the administrator that will handle the mailing of the class notice and the distribution of checks, should the settlement be granted final approval.

5. For purposes of effectuating this settlement, the Court preliminarily certifies a Settlement Class consisting of all individuals: (a) against whom Defendant filed a lawsuit in the state courts of Colorado; (b) regarding a non-negotiable credit agreement for less than $100,000.00 that was governed by the laws of the State of Ohio; (c) in which the suit sought to recover attorney's fees.

The following persons, assuming that they otherwise meet the class definition, will be excluded from the settlement class:

    a.    any person who is already subject to an existing signed general release that covers Machol & Johannes, LLC;

    b.    any person who is deceased as of the date of preliminary certification;

    c.    any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the class period; and

    d.    any class member who timely mails a request for exclusion.

The Class Period runs from September 23, 2013 through the date of this order.

6. For purposes of effectuating this settlement, the Court hereby appoints Plaintiff Alfred Trujillo as the class representative for the settlement Class, and the following attorneys are appointed as Class Counsel:

> Ahson B. Wali
> Vedra Wali LLC
> 1435 Larimer St. Suite 302
> Denver, CO 80202
> Phone: (303) 937-6540
> Fax: (303) 937-6547
> ahson.wali@vwfirm.com
>
> Robert W. Murphy
> 1212 S.E. 2nd Avenue
> Fort Lauderdale, Florida 33316
> (954) 763-8660 Telephone
> (954) 763-8607 Fax
> rwmurphy@lawfrrmmurphy.com

7. The Class Notice shall be distributed to the Class as follows: On or before October 8, 2015, High Cotton will print, copy, and mail the Class Notice

to the Class Members at the most current address reflected in Defendant's records, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address High Cotton shall run such Class Member through the National Change of Address database to seek a good address and they shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. High Cotton shall use its best efforts to provide prompt re-sending of any returned notices. However, High Cotton, Defendant and its attorneys shall not be responsible the failure of the Postal Service to timely deliver or return a class notice. High Cotton shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Final Fairness Hearing.

8.  Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by December 4, 2015. Class Members who wish to exclude themselves from (opt out of) the Class and the proposed Settlement must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than December 4, 2015, which is more than two (2) weeks prior to the Final Fairness Hearing. In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and the last four digits of his or her Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class.

9.    Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

10.   No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representatives award unless not later than December 4, 2015, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendant a written notice of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

11.   Any such notice of objections shall include:

    (1)   a statement of each objection being made;
    (2)   a detailed description of the facts underlying each objection;
    (3)   a detailed description of the legal authorities underlying each objection;
    (4)   a statement of whether the objector intends to appear at the Final Fairness Hearing;
    (5)   a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Fairness Hearing; and
    (6)   a list of exhibits which the objector may offer during the Final Fairness Hearing, along with copies of all of the exhibits.

12.   Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Final Fairness Hearing and the Court will not consider their objections.

13. Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, members, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of the pleadings seeking legal fees that are at issue in this case.

14. This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

Dated at Denver, Colorado this 14th day of September, 2015.

  S/Michael E. Hegarty  
HON. MICHAEL E. HEGARTY  
U.S. MAGISTRATE JUDGE