IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 14-cv-02625-MEH

ALFRED TRUJILLO, on behalf of himself and others similarly situated,

Plaintiffs,

v.

MACHOL & JOHANNES, LLC,

Defendant.

---

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND GRANTING AWARD OF ATTORNEYS' FEES AND COSTS**

---

**Michael E. Hegarty, United States Magistrate Judge.**

On December 21, 2015, the Court held a Final Fairness Hearing on the proposed class action settlement in the above-captioned case. In September 2015, after arms-length negotiations, Plaintiff and Defendant entered into a Class Action Settlement Agreement ("Agreement"), which is subject to review under FED. R. CIV. P. 23.

On September 2, 2015, the Parties filed the Agreement, together with their Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement ("Preliminary Approval Motion"). On or about September 12, 2015, within ten days of filing the proposed settlement with the Court, Defendant complied with the requirements of 28 U.S.C. § 1715. On September 8, 2015, the Court heard the Parties' Preliminary Approval Motion.

On September 9, 2015, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting

Preliminary Approval of Settlement ("Preliminary Approval Order") [*see* docket #40]. Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs ("Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Alfred Trujillo as the Class Representative; (iv) appointed Ahson B. Wali and Robert W. Murphy as Class Counsel for the Class Members; and (v) set the date and time of the Final Fairness Hearing.

On December 9, 2015, the Parties filed their Motion for Final Approval of Class Action Settlement ("Final Approval Motion"). On December 21, 2015, a Final Fairness Hearing was held pursuant to FED. R. CIV. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and, thus, should be fully and finally approved by the Court. The Parties have requested final certification of the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement [*see* docket #34-1].

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. CLASS MEMBERS. Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified as a class action on behalf of all individuals:

> (a) against whom Defendant filed a lawsuit in the state courts of Colorado;
> (b) regarding a non-negotiable credit agreement for less than $100,000.00 that was governed by the laws of the State of Ohio;
> (c) in which the suit sought to recover attorney's fees.

3. The following persons, assuming that they otherwise meet the class definition, are excluded from the settlement class:

> a. any person who is already subject to an existing signed general release that covers Machol & Johannes, LLC;
> b. any person who was deceased as of the date of preliminary certification;
> c. any person who filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the class period; and
> d. any class member who timely mailed a request for exclusion.

4. **CLASS REPRESENTATIVES AND CLASS COUNSEL APPOINTMENT.** Pursuant to FED. R. CIV. P. 23, the Court finally certifies Plaintiff Alfred Trujillo as the Class Representative and Ahson B. Wali and Robert W. Murphy as Class Counsel for the Class Members.

5. **NOTICES AND CLAIM FORMS.** Class action notices and claim forms were mailed to all of the Class Members. The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

6. **FINAL CLASS CERTIFICATION.** The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under FED. R. CIV. P. 23, namely:

> a. the Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;
> b. there are questions of law and fact common to the Class Members, which predominate over any individual questions;
> c. the claims of the Plaintiff are typical of the claims of the Class Members;
> d. the Plaintiff and Class Counsel have fairly and adequately

>represented and protected the interests of all of the Class Members; and
>e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court also finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendant is paying to the Class close to the maximum statutory damages allowed by law. *See Gottlieb v. Wiles*, 11 F.3d 1004, 1014 (10th Cir. 1993) (noting the factors to be considered in assessing whether a proposed settlement is fair and reasonable); *see also Jones v. Nuclear Pharm., Inc.*, 741 F.2d 322, 324 (10th Cir. 1984).

7. The Agreement, which is on file in this case [*see* docket #34-1] shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

>a. Defendant shall pay Plaintiff $1,000 in statutory damages.
>b. Defendant shall pay Plaintiff an additional $1,500 in compensation for his service as Class Representative;
>c. Defendant shall $63.00 to each class member who has not been excluded from the Class.
>d. Defendant shall pay Class Counsel a total of $22,500.00 in attorneys' fees, costs, and expenses, which the Court finds to be a reasonable fee in relation to the work expended.

      e. All distribution checks to the Class will expire after 120 days
      of issuance, and any undistributed funds represented by any
      uncashed checks will be distributed as a *cy pres* distribution
      to Legal Aid of Colorado for use in consumer representation
      and/or consumer education.

  8. OBJECTIONS AND EXCLUSIONS. The Class Members were given a fair and reasonable opportunity to object to the settlement. Notice was mailed to all of the 139 Class Members; ten of the mailings were returned with forwarding addresses; and notices were re-mailed to those ten new addresses. Docket #44-3. Of the 139 mailings, four were returned without forwarding addresses. *Id*. Additionally, all of the 139 named recipients of the class action notices were run through the National Change of Address Database, and new addresses were obtained for 21 of the named recipients. *Id*. Those 21 notices were re-mailed to those 21 new addresses. *Id*. No Class Member objected to the settlement. No Class Members requested exclusion.

  9. This order is, thus, binding on all Class Members.

  10. RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT. The individual and class Releases set forth in the Agreement are hereby approved. Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

  11. Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

15. With the exception of the foregoing injunction all other claims in this Action are hereby dismissed with prejudice.

16. This Order, the attached Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

## CONCLUSION

For the foregoing reasons, the Joint Motion for Final Approval of Class Action Settlement Agreement [filed December 9, 2015; docket #43] and Plaintiff's Unopposed Motion for Award of Attorneys' Fees and Costs [filed December 9, 2015; docket #45] are **granted**.[1] The case is **dismissed with prejudice**; however, this Court retains jurisdiction over this matter for the purpose of interpreting and enforcing the Settlement Agreement.

Entered and dated at Denver, Colorado, this 22nd day of December, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(c) and the Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, the parties consented to the jurisdiction of this Court to conduct all proceedings in this civil action.  Docket #14.